UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

PAUL V. MARSHALL and                                        Chapter 13
KATHLEEN KENNEY-MARSHALL,                    Case No. 08-16022-JNF
Debtors,

CHAPTER 13 TRUSTEE'S OBJECTION TO
MOTION TO RE-CONVERT TO CHAPTER 13

Now comes the Chapter 13 Trustee (the "Trustee") files this Objection to the Debtors' Motion to Reconvert Case to Chapter 13, and states as follow:

1. On August 12, 2008, the above-captioned debtors (the "Debtors") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. On January 5, 2010, an Order Confirming Amended Chapter 13 Plan was entered by the Court. The Confirmation Order provided that the Debtors had paid a total of $1,062.00 as of August 1, 2008, and would pay $1,659.00 per month for the remaining 47 months and included a dividend to unsecured creditors of no less than 36.32%.

2. The Confirmed Plan expired on July 1, 2013. The Debtors failed to complete the confirmed plan and on September 18, 2013, the Trustee filed a Motion for Order Dismissing Case alleging that the Debtors owed $21,798.00 to complete the expired confirmed plan.

3. On October 9, 2013, the Debtors filed an Opposition to the Trustee's Motion to Dismiss alleging that payments were tendered that were not credited and that they would cure all arrears once the amount due was determined. A hearing was scheduled for November 7, 2013, and then was continued numerous times at the request of the Debtors' counsel in order to allow the Debtors additional time to make the final payment under the expired plan.

4. By the time of the final continued hearing on April 17, 2014, the Debtors had made two (2) payments after the Motion to Dismiss was filed totaling $1,700.00, but still owed $20,098.00. The Debtors were unable to provide any evidence of payments that were made but not credited and were unable to make the final payment and as a result on April 17, 2014 the Debtors filed a Motion to Convert to Chapter 7. That motion was allowed the same date and the case was converted to chapter 7 at that time.

5. On October September 29, 2014, the Debtors received a Chapter 7 discharge and the case was closed on October 3, 2014.

6. On March 8, 2017, the Chapter 7 Trustee moved to reopen the Chapter 7 case. The Trustee filed the Motion because the Trustee was informed of the existence of an asset of the estate, a tort claim of Kathleen Kenney-Marshall which was not scheduled and not administered prior to the closing of the case. The Court allowed the Motion and the case was reopened on March 17, 2017.

7. On May 24, 2018, attorney Herbert Weinberg filed a Notice of Appearance for the Debtors in the Chapter 7 case. In May of 2018, the Chapter 13 Trustee received information from Debtors' counsel that the asset that the Chapter 7 Trustee had discovered which led to the reopening of the Chapter 7 case was that Debtor Kathleen Kenney-Marshall had settled a medical malpractice tort action and received a settlement of approximately $200,000.00.

8. On September 7, 2018, the Debtors filed their Motion to Re-Convert to Chapter 13 ("the Motion"). The Motion requests that the Court allow them to re-convert from chapter 7 to chapter 13. The Motion does not refer to the settlement funds but refers to a second mortgage that would have been stripped had the Debtors completed the chapter 13 plan.

9. The Trustee objects to the re-conversion to chapter 13. In the chapter 13 case the Debtors' plan was confirmed and expired after the 60 months term ended in July of 2013. The Trustee did not file the Motion to Dismiss until September of 2013, and the Trustee assented to numerous extensions of time to allow the Debtors to complete the plan. The final hearing was scheduled for April of 2014, nine (9) months after the plan expired. The Trustee gave the Debtors a reasonable amount of time to complete the plan. A shortfall in plan payments may be cured within a *reasonable time* (emphasis added) after the 60th payment at the discretion of the bankruptcy court. Shovlin v. Klaas, 548 B.R. 414 (Bankr.W.D.Pa. 2016. *See also*, Winnecour v. Klass, 533 B.R. 482 (Bankr.W.D.Pa. 2015) (46-day delay in completing chapter 13 plan was reasonable).

10. It has been more than 10 years since the petition was filed and more than 5 years since the confirmed chapter 13 plan has expired. The Debtors are seeking to convert to chapter 13 in what appears to be an attempt to complete their expired plan. The Trustee asserts that 5 years is not and cannot be considered a *reasonable time* to complete the plan.

11. Further, the Debtors cannot propose a new plan and cannot propose to modify the confirmed plan. Pursuant to 11 U.S.C. §1329(c) a plan may not be modified to provide for payments over a period that expires after the applicable commitment period under section

1325(b)(1)(B) after the time for the first payment under the original confirmed plan was due, unless the court, for cause approves a longer period, but the court may not approve a period that expires after five years after such time. As stated above, it has now been 10 years since the petition date and 5 years since the confirmed plan has expired. Therefore the Debtors have no way to propose a plan and no basis to convert back to chapter 13.

12. Although not referenced in the Motion it appears that one of the reasons for conversion is to prevent the Chapter 7 Trustee from administering the settlement proceeds. The Trustee asserts that this is not a good faith basis to request a conversion back to chapter 13, especially in light of the fact that the Debtors' plan cannot be modified and/or completed and therefore there is no legitimate purpose to converting back to chapter 13. *See* Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365(2007) (Converting a bankruptcy case pursuant to 11 U.S.C. §706(a) was not mandatory, but rather, permitted a bankruptcy court to exercise some discretion).

13. The Trustee therefore asserts that there is no basis to re-convert the case to Chapter 13, as there is no legitimate purpose to the conversion and the Debtors cannot complete the expired plan or propose a new or modified plan.

WHEREFORE, the Trustee respectfully requests that this Court deny the Motion to Re-Convert to Chapter 13 and grant such other relief as this Court deems proper.

Dated: September 10, 2018              Respectfully Submitted,

                                       Carolyn A. Bankowski,
                                       Standing Chapter 13 Trustee
                                       By: /s/ Patricia A. Remer
                                       Carolyn A. Bankowski, BBO#631056
                                       Patricia A. Remer, BBO#639594
                                       Office of the Chapter 13 Trustee
                                       P.O. Box 8250
                                       Boston, MA 02114
                                       (617) 723-1313
                                       13trustee@ch13boston.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

PAUL V. MARSHALL and	Chapter 13
KATHLEEN KENNEY-MARSHALL,	Case No. 08-16022-JNF
Debtors,

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Objection to Motion to Re-Convert to Chapter 13 was served upon the Debtors and Debtors' counsel, and upon the Chapter 7 Trustee and Counsel by first class mail, postage prepaid, or by electronic notice, as set forth on the Service List below.

Dated:  September 10, 2018	/s/ Patricia A. Remer

SERVICE LIST

Paul V. Marshall
Kathleen Kenney-Marshall
88 Liberty Street
Randolph, MA 02368

Herbert Weinberg
Rosenberg & Weinberg,
805 Turnpike St., Suite. 201
North Andover, MA 01845

Joseph G. Butler
Law Office of Joseph G. Butler
355 Providence Highway
Westwood, MA 02090